IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LATOYA HOLMES, | * | |
| Co-Debtor-Appellant, | * | |
| v. | * | Civil No. 24-1318-BAH |
| UPWARD AMERICA SOUTHEAST PROPERTY OWNER, L.P., | * | |
| Creditor-Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Co-Debtor-Appellant LaToya Holmes ("Holmes") filed this appeal related to a Chapter 13 action pending in the United States Bankruptcy Court for the District of Maryland (Bankr. No. 24-11124). *See* ECF 1.[1] Holmes appears to be a co-debtor in the underlying bankruptcy action where Bernida Marshall ("Marshall") is the debtor, *see* ECF 1-1, at 1. Marshall does not appear to have joined this appeal. *See* ECF 1. The Bankruptcy Court's transmittal sheet notes that "The filer [Holmes] identifies herself as a co-debtor but does not appear on the bankruptcy case petition. She has been added as an interested party in the case." ECF 1-3, at 1. Holmes appears to appeal the Bankruptcy Court's order granting Creditor-Appellee Upward America Southeast Property Owner L.P.'s ("Creditor's") amended motion for relief from stay and co-debtor stay. *See* ECF 1, at 1 ("We are asking the district court for an appeal hearing for the Bankruptcy Court Relief of Automatic Stay order."); ECF 1-1 (Bankruptcy Court's order). That order granted relief from the automatic stay of the debtor under 11 U.S.C. § 362 and of the co-debtor under 11 U.S.C. § 1301,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

permitting "legal actions necessary to recover the rental unit located at 4418 Roland Heights Ave., Baltimore, Maryland 21211 [('the Property')] to proceed against both Marshall and [LaToya] Holmes in state court." *See id.* at 2.

In the notice of appeal, Holmes cites "Md. Rule 3-535(b)" which is Maryland's law permitting a party to move a court to "exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity." Holmes asserts that "[a]lter[ing]/[a]mending" the "[j]udgment" is appropriate

> because (a) our landlord committed fraud by claiming that we owed rent that we don't and (b) because permitting our landlord to go forward with eviction proceedings when the court is now aware that fraudulent evidence was presented at trial resulting in an illegally inflated judgment would constitute a mistake/irregularity. This fraudulent activity has caused irreparable harm to an entirety community of renters.

ECF 1, at 1. Holmes also attaches a Baltimore City Licensing Verification Request, *id.* at 2, an email charge reminder, *id.* at 3, and a lease agreement, *id.* at 4–5. The Bankruptcy Court also transmitted with the appeal the Bankruptcy Court order purportedly on appeal, ECF 1-1, the Bankruptcy Court docket for Bankr. No. 24-11124, ECF 1-2, and the transmittal sheet, ECF 1-3.[2]

Holmes filed a brief, which appears to be the same first page as the notice of appeal with the word "appeal" crossed off and "[b]rief" handwritten in, except that there is now a second page signed by both Holmes and Marshall. *See* ECF 3, at 1–2. Also attached to that brief is a tenant ledger report, ECF 3-1, at 1, and an email charge reminder with the handwritten notation "[l]arge [i]ncrease in [r]ent," *id.* at 2. Creditor filed a motion to strike the brief and dismiss the appeal. ECF 4. Creditor argues that the appeal should be dismissed "due to severe omissions and

---

[2] The transmittal sheet indicates that Holmes did not designate the record or pay the fee, and that she appears to be a co-debtor who was not listed on the original Chapter 13 petition filed in the underlying bankruptcy case. *See* ECF 1-3.

deficiencies which prejudice [Creditor]." *Id.* at 1. More specifically, Creditor argues that to the extent Holmes challenges eviction proceedings pending in the District Court of Maryland for Baltimore City, this appeal concerns only the order granting relief from the co-debtor stay. *Id.* at 2. Creditor explains that:

> The underlying dispute was over nonpayment on a lease of real property by the Debtor and Co-Debtor. The reasons pled in support of the motion [for relief from stay] were straightforward: an eviction proceeding had been filed in the Baltimore City District Court ("the State Court") that Debtor and Co-Debtor had failed to make payments and had remained in the leased property after the lease had expired. It was further alleged that not just one but two simultaneous and overlapping bankruptcy filings had stayed the State Court proceeding to the detriment of the landlord. The relief sought was to lift the bankruptcy stay so that the state court eviction proceeding could continue.

*Id.* Creditor explains that after a hearing at which Creditor presented evidence, including witness and exhibits, and at which it appears Holmes also testified, the Bankruptcy Court found "that relief should be granted so the state trial court could adjudicate issues of possession of the Property and any other issues appropriately raised by the Co-Debtor." *Id.* at 3. Holmes appealed that order as the co-debtor (this appeal), as well as a nearly identical order in Bankr. No. 22-15678. That appeal was assigned Civ. No. 23-3056-JRR in this Court. In that case, Holmes was the debtor and Marshall was the co-debtor, and the Bankruptcy Court granted Creditor Trowbridge Realty Corp. ("Trowbridge") relief from the automatic stay. *See* ECF 1, in Civ. No. 23-3056-JRR. After Creditor Trowbridge filed a similar motion to strike the appellant's brief and to dismiss, Judge Rubin dismissed that appeal.[3] *See* ECF 11 (memorandum opinion, which is also available at *Holmes v. Trowbridge Realty Corp.*, Civ. No. 23-3056-JRR, 2024 WL 3424058 (D. Md. July 16, 2024)) and ECF 12 (implementing order) in Civ. No. 23-3056-JRR.

---

[3] While Judge Rubin dismissed the appeal on the briefs and denied Creditor Trowbridge's motion as moot, the cited bases for dismissal largely track the arguments Creditor Trowbridge had advanced. *See Holmes*, 2024 WL 3424058, at *3.

Here, Creditor puts forth nearly identical arguments for dismissal as it did in the appeal before Judge Rubin. *Compare* ECF 4 in Civ. No. 24-1318-BAH (this action)*, with* ECF 9 in Civ. No. 23-3056-JRR. Creditor contends that deficiencies with Holmes's instant appeal mandate dismissal under Local Rule 404.2, which permits dismissal for non-compliance with Bankruptcy Rule 8009 requiring a designation of record and statement of reasons, and under Local Rule 404.3, which permits dismissal for non-compliance with Bankruptcy Rule 8019 requiring a brief to be timely filed. ECF 4, at 5. Creditor further contends that Holmes "has not identified any particular error with any specific ruling" nor any "legal argument as to why some particular decision of the Bankruptcy Court was in error nor what type of error or standard of review should be used." *Id.* at 6. Creditor asserts that Holmes's failure to abide by the Bankruptcy Rules, resulting in its inability to determine what exactly Holmes has appealed, prejudices Creditor. *Id.* at 7. Holmes never responded to Creditor's motion to dismiss.

The Court will adopt the reasoned analysis that Judge Rubin has already completed in a nearly identical appeal where the debtor/co-debtor is the same (Holmes), where the appeal concerns a nearly identical order granting a creditor relief from the automatic stay pertaining to the same Property, and where the appellee creditor, represented by the same counsel, has filed a nearly identical motion to dismiss and to strike the appellant's brief. Just as Judge Rubin found, Holmes "ha[s] failed to comply with many of the Bankruptcy and Local Rules governing [her] appeal before this [C]ourt." *Holmes*, 2024 WL 3424058, at *3. And while the undersigned has not directed Holmes to explain her non-compliance with those rules, Holmes's "'Notice of Appeal' seemingly challenges, at least in part, the actions of the 'local rent court,' the decision of which is not before this court." *Id.* "Given the insufficiency of [Holmes's] brief, as well as [her] categorical failure to comply with the relevant Bankruptcy Rules governing appeals, dismissal is warranted."

*Id.* To the extend Holmes contests that her "landlord committed fraud," ECF 1, at 1, that issue is to be decided by the state court presiding over the eviction proceedings, not on appeal of a Bankruptcy Court order that merely allowed those eviction proceedings to move forward. Holmes's bankruptcy appeal will be dismissed. To the extent Creditor requests, that Holmes's brief be stricken, that request will be denied as moot.

For the reasons stated herein, it is this 6th day of February, 2025, ORDERED that:

(1) Co-Debtor-Appellant Holmes's bankruptcy appeal, ECF 1, is DISMISSED;

(2) Creditor-Appellee's "Motion to Strike Appellant's Brief and Dismiss Appeal," ECF 4, is GRANTED IN PART AND DENIED AS MOOT IN PART; and

(3) The Clerk shall CLOSE this case and send a copy of this memorandum and order to Co-Debtor-Appellant Holmes and counsel of record.

/s/
Brendan A. Hurson
United States District Judge

5